# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM R. SMITH, JR., JOSEPH L.  )
SMITH, Individually, and as Personal  )
Representative of the ESTATE OF  )
JENNIFER J. SMITH, DYLAN R. SMITH, )
TYLER W. SMITH, ALEXA A. SMITH,  )  C.A. No. S23C-06-003 RHR
and BROOKLYN SMITH,  )
  )
    Plaintiffs,   )
  )
  v.      )
  )
BAYHEALTH MEDICAL CENTER, INC., )
    Defendant/Third-Party )
    Plaintiff,  )
  )
  v.      )
  )
KENT DIAGNOSTIC RADIOLOGY  )
ASSOCIATES, P.A., APOGEE MEDICAL )
GROUP, DELAWARE, INC., REAL  )
RADIOLOGY, LLC, and M. LISA  )
ATTEBERY, D.O.,  )
  )
    Third-Party Defendants. )

Submitted: August 29, 2024
Decided: November 22, 2024

## ORDER

Defendants, Apogee Medical Group, Delaware, Inc., M. Lisa Attebery, D.O.,

and Real Radiology, LLC, move this court to review *in camera* the affidavits of

merit filed in this case to determine whether they comply with the requirements of 18 *Del. C.* § 6853(a)(1) and (c).

1. Plaintiffs filed their complaint against Bayhealth Medical Center, Inc. ("Bayhealth") on June 1, 2023, accompanied by three affidavits of merit as required by 18 *Del. C.* § 6853. Bayhealth moved this court to conduct an *in camera* review of those affidavits. By Order dated September 25, 2023, this court found that the affidavits complied with 18 *Del. C.* § 6853(a)(1) and (c).

2. In November 2023, Bayhealth moved for leave to file a third-party complaint. At a hearing on January 2, 2024, this court granted the motion. Bayhealth then filed third-party complaints against Kent Diagnostic Radiology Associates, P.A. ("Kent Diagnostic"), Apogee Medical Group, Delaware, Inc. ("Apogee"), Real Radiology, LLC ("Real Radiology"), and M. Lisa Attebery, D.O. ("Attebery") seeking contribution, indemnification, and declaratory judgment.

3. Apogee, Real Radiology, and Attebery moved for *in camera* review of the affidavits of merit. This court conducted a hearing on those requests on August 29, 2024 to determine whether further affidavits of merit—beyond the three affidavits filed by Bayhealth with its complaint—were needed, and, if so, which party would be responsible for producing them.

4. The third-party defendants argued that 18 *Del. C.* § 6853(a)(1) requires affidavits of merit "as to each defendant." They did not take a position on which

2

party would be responsible for obtaining the affidavits: the plaintiff—who did not sue the third-party defendants and opposed the addition of those third-party defendants to this case—or Bayhealth—which would be in the untenable position of obtaining affidavits of merit against its own agents. Bayhealth argued that no additional affidavits of merit were necessary because Bayhealth did not advance any new negligence claims and was only seeking contribution from the third-party defendants in the event it is found responsible.

5. After consideration of the arguments of counsel and further review of the affidavits of merit filed by Bayhealth, this court finds that Bayhealth's affidavits that were previously reviewed *in camera* by the court meet the requirements of 18 *Del. C.* § 6853 as to each of the third-party defendants. As previously found in this court's September 25, 2023 Order, the three affidavits (1) meet the statute's technical requirements, (2) the experts who signed the affidavits have the necessary qualifications, and (3) those experts concluded that there are reasonable grounds to believe the applicable standards of care were breached by Bayhealth and its physicians, and that the breach was a proximate cause of the injuries claimed in the complaint.

6. The court must then consider whether the scope of the affidavits covers the alleged acts of the third-party defendants. One of the affidavits of merit was written by a doctor board certified in general surgery who stated that the applicable

standards of care were breached by Bayhealth's surgeons and that those breaches were a proximate cause of the injuries and, ultimately, the death of Bayhealth's patient. A doctor board certified in diagnostic radiology and interventional radiology concluded in his affidavit that the applicable standards of care were breached by Bayhealth's "physicians, including internal medicine/hospitalist physicians, and radiologists." Finally, the third affidavit of merit is signed by a doctor board certified in internal medicine who opined that applicable standards of care were breached by Bayhealth's internal medicine and hospitalist physicians, and gastroenterologists. Attebery is a surgeon. Real Radiology and Kent Diagnostic provided services of their radiologists. Apogee contracted with Bayhealth to provide internists. The affidavits, therefore, cover the alleged acts of each of the third-party defendants who were agents of Bayhealth.

For these reasons, this court finds that the affidavits of merit filed by plaintiffs comply with 18 *Del. C.* § 6853(a)(1) and (c) and 18 *Del. C.* § 6854 and that no further affidavits are needed for the third-party defendants.

**IT IS SO ORDERED.**

/s/Robert H. Robinson, Jr.
Robert H. Robinson, Jr., Judge

4